JUSTICE ALBIN,
dissenting in part and concurring in part.
The majority has taken the wrong path to get to the right destination, but that path may lead in the future to the withholding of important documents that belong in the public realm. I concur in the outcome of this case: the release of the Millstone Valley Fire Department’s constitution and bylaws, which are clearly public records open to inspection. I do not agree, however, with the majority’s conclusion that the Millstone Valley Fire Department — or a similar’ volunteer fire department that is part of a fire distinct — is not a “public agency” subject to New Jersey Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.
To reach its conclusion, the majority reverses sound opinions rendered by the Government Records Council and the Appellate Division and parses the language of OPRA in a way that will lead *305 to absurd results that the Legislature could not have intended. Under the majority’s interpretation, volunteer fire companies contracting directly with a municipality are subject to OPRA, but the same fire companies that are members of — or contract with — an independent fire district are not. A sensible reading of OPRA does not compel that arbitrary distinction.
Unlike the majority, I believe that the Franklin Fire District No. 1 is a “political subdivision” of the State and the Millstone Valley Fire Department is an “instrumentality” of the District. For that reason, the Fire Department meets OPRA’s definition of “public agency,” and therefore its records are subject to public scrutiny. Accordingly, I respectfully dissent.
I.
The term political subdivision, though not defined in our State Constitution or any statute, has a somewhat elastic meaning. A political subdivision “is an agency created for the exercise, within the prescribed limits, of the governmental functions and powers of the [S]tate.” City of Jersey City v. Martin, 126 N.J.L. 353, 361, 19 A.2d 40 (E. & A. 1941); see also Black’s Law Dictionary 1277 (9th ed. 2009) (stating that political subdivision is “[a] division of a state that exists primarily to discharge some function of local government”).
By that definition, according to the majority, municipalities are political subdivisions, even though the Legislature does not designate municipalities as such by statute. The majority acknowledges that political subdivisions include Beach Erosion Control Districts, N.J.S.A. 40:68-40; county and municipal parking authorities, N.J.S.A. 40:11A-4; sewerage authorities, N.J.S.A. 40:14A-7; solid waste management authorities, N.J.S.A. 40:66A-S8; and pollution control financing authorities, N.J.S.A. 40:37C-4(a)-(b), to name a few. Ante at 298 n.1, 166 A.3d 1140. Those districts and authorities are political subdivisions, says the majority, because the Legislature has given them the name political subdivision. Presumably, *306 the Legislature gives the name political subdivision only to those entities that possess the attributes of one.
The Franklin Fire District No. 1 possesses every characteristic of a political subdivision, except the name. Fire districts are creatures of statute. N.J.S.A. 40A:14-70. On application of the voters, the governing body of a municipality may pass an ordinance establishing a fire district as a “body corporate” with “the power to acquire, hold, lease, sell or otherwise convey ... real and personal property.” Ibid. The voters of a municipality elect the board of fire commissioners, see ibid.’, see also N.J.S.A. 40A:14-72, and determine by ballot “the amount of money to be raised for the ensuing year” for the fire district, N.J.S.A. 40A:14-72; see also N.J.S.A. 40A: 14-84. The fire district may borrow money “for current expenses and necessary repairs to fire apparatus and fire houses,” N.J.S.A. 40A:14-80, and taxes are separately assessed on real property in the municipality to support the fire district, N.J.S.A. 40A: 14-79. Last, the fire district’s commissioners have the same “powers, duties and functions” as a municipality “relating to the prevention and extinguishment of fires and the regulation of fire hazards.” N.J.S.A. 40A:14-81.
Just as a rose is a rose by any other name,[1] so is a political subdivision. A fire district retains its nature as a political subdivision despite the label or lack of label given to it. The Legislature has dubbed a municipal parking authority “an agency and instrumentality of the municipality ... creating it,” N.J.S.A. 40:11A-4, and yet gives it the moniker of “political subdivision.” The interchangeable use of the terms “agency,” “instrumentality,” and “political subdivision” in that statute and others, see N.J.S.A. 40:14A-7, :37C-4(a)-(b), :66A-38, illustrates that the Legislature does not take a formalistic approach in the classification of public bodies. The Legislature surely did not intend to classify a municipal parking authority, whose members are appointed by the *307 governing body of a municipality, as a political subdivision, N.J.S.A. 40:11A-4, but not a fire district, for want of a name.
The purpose of OPRA is to make government records “readily accessible for ... the citizens of this State” and to construe “any limitations on the right of access ... in favor of the public’s right of access.” N.J.S.A. 47:1A-1. That legislative goal surely is not advanced by the majority’s strained interpretation of the term political subdivision, an interpretation that places fire companies, such as the one in this case, beyond the reach of OPRA. Did the Legislature “pointedly” omit the term political subdivision — or for that matter the terms agency and instrumentality — from the fire district statute, as the majority intuits? That is hard to imagine.
Like the governmental authorities and Beach Erosion Control Districts cited above, the Fire District is “an agency created for the exercise ... of the governmental functions and powers of the state,” Martin, supra, 126 N.J.L. at 361, 19 A.2d 40, and therefore is a political subdivision.
II.
It follows that if the Franklin Fire District No. 1 is a political subdivision, the Millstone Valley Fire Department is an “instrumentality” of the District. For OPRA purposes, an “instrumentality” is “[a] thing used to achieve an end or purpose” or “[a] means or agency through which a function of another entity is accomplished, such as a branch of a governing body.” Fair Share Hous. Ctr. v. N.J. State League of Municipalities, 207 N.J. 489, 503, 25 A.3d 1063 (2011) (alterations in original) (quoting Black’s Law Dictionary 814 (8th ed. 2004)).
The primary mission of the Fire District is to prevent and extinguish fires and to regulate fire hazards. See N.J.S.A. 40A:14-81. The Millstone Valley Fire Department is an instrument through which that mission is accomplished. In 1973, the Millstone Valley Fire Department was accepted into the Fire District. The members of the fire company are “under the supervision and control of the [Fire District] and in performing fire duty shall be *308 deemed to be exercising a governmental function.” N.J.S.A. 40A:14-70.1(b). Each year, the Millstone Valley Fire Department contracts with the District to provide firefighting services and receives public funds for the training of its members, the housing and maintenance of the District’s firefighting equipment, and the purchase of new equipment,
Notably, under N.J.S.A. 40A:14-68, a municipality “may contract with a volunteer fire company or companies ... for purposes of extinguishing fires,” and the members of those companies, “in performing fire duty [are] deemed to be exercising a governmental function.” No one questions that such volunteer fire companies are instrumentalities of a political subdivision subject to the disclosure requirements of OPRA.
It is difficult to conceive that the Legislature, for OPRA purposes, intended the records of volunteer fire companies aligned with a municipality to be open for inspection and those aligned directly with a fire district to be free from public scrutiny, except as the fire district may be required to disclose certain records. Our canons of statutory interpretation instruct us to harmonize congruent statutory provisions with the understanding that the Legislature does not intend its enactments to lead to absurd results. See DiProspero v. Penn, 183 N.J. 477, 492-93, 874 A.2d 1039 (2005).
I cannot conclude, as does the majority, that the Millstone Valley Fire Department is an “instrumentality of an instrumentality” of a subdivision and therefore not a public agency subject to OPRA. Ante at 301, 166 A.3d 1140. Moreover, even if the Fire District were an instrumentality of the municipality, the Millstone Valley Fire Department is so woven into the fabric of the Fire District — having no existence outside the District — it should be deemed the same instrumentality for OPRA purposes. If the Millstone Valley Fire Department were subject to OPRA, then it could designate the Fire District as the records custodian, with the District’s consent.
*309 III.
Clearly, the majority mitigated the harshness of its decision by ordering the documents sought to be released through the Fire District. But, nevertheless, the majority’s holding is that the records of the Millstone Valley Fire Department — an agency that receives public funds and carnes out a government function relating to public safety — are not subject to OPRA, except to the extent the Fire District has access to those records. I do not believe that result can be squared with OPRA’s language or purposes. And it certainly does not further the Legislature’s intent “to bring greater transparency to the operations of government and public officials.” Paff v. Galloway Township, 229 N.J. 340, 352, 162 A.3d 1046, 1053 (2017).
I therefore respectfully dissent.

 See William Shakespeare, Romeo and Juliet act 2, sc. 2.